IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

BRUCE DARRYL SHORTS )
    Plaintiff, )
)
v. ) Civil Action No. TMD 09-1265M
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

    Bruce Darryl Shorts ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 16) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 23). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

I. <u>Procedural History</u>

    Plaintiff protectively filed his applications for DIB and SSI on September 27, 2005 alleging disability since June 1, 2004 resulting from depression and substance abuse. R. at 78,

83. His claims were denied at the initial and reconsideration levels. R. at 31-41. On February 13, 2008, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 429-50. Plaintiff was represented by counsel. In a decision dated April 26, 2008, the ALJ denied Plaintiff's request for benefits. R. at 10-25. The Appeals Council denied review on March 17, 2009 making this action is ripe for review. R. at 4-8.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and § 416.920. He divided the analysis into two time periods: (1) from June 1, 2004, the alleged onset date to April 19, 2006, the date Plaintiff ceased substance abuse; and (2) from April 19, 2006 through April 26, 2008, the date of the decision. With respect to the first time period, at the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: bipolar disorder, cocaine dependence and alcohol dependence. At step three, the ALJ found that Claimant's impairments, including the substance abuse disorders, met sections 12.04 and 12.09 of 20 C.F.R. pt. 404, subpt, P, app. 1. However, the ALJ further found that if Claimant stopped the substance abuse, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that if Claimant stopped the substance abuse, he would not be capable of performing his past relevant work . At step five, the ALJ concluded that if he stopped the substance abuse, given his residual functional capacity ("RFC"), there are jobs that exist in significant numbers in

the national economy that Claimant could perform. Because Claimant would not have been disabled if he stopped the substance abuse prior to April 19, 2006, the ALJ concluded the substance abuse was a contributing factor material to the determination of disability. Thus, he concluded that Claimant was not disabled from the alleged onset date through April 19, 2006, the date his drug and alcohol problem went into remission. R. at 10-21.

With respect to the time period from April 19, 2006 through the date of the decision, the ALJ found that Claimant suffered from the following severe impairment: bipolar disorder. At step three, he found that Claimant did not suffer from an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P. App. 1. At step four, he found Claimant unable to perform his past relevant work. At step five, the ALJ found that Claimant was not disabled under the framework of section 204.00 in the Medical Vocational-Guidelines. R. at 21-25.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a

reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

IV. Discussion

Plaintiff contends that the ALJ did not properly adjudicate the medical opinion of the treating examining physician. He argues that in finding that Claimant's bipolar disorder would not have been disabling in the absence of his substance abuse, the ALJ improperly discredited various notes in the records of Plaintiff's treating physician, Dr. Myun-Ki Kim, in which Claimant was reported as feeling depressed, angry, unstable, upset, experiencing up and down moods, loss of temper and exhibiting poor impulse controls. Pl.'s Mot. Summ., ECF No. 16 at 3 *citing* R. at 230, 235-36, 238, 240-41, 246, 248, 251, 255, 262, 268-70. Additionally, Claimant points to Dr. Kim's opinion in a Medical Assessment of Ability to Do Work-Related Activities dated December 28, 2007 that Claimant's condition would exist in the absence of substance abuse since August 4, 2006. R. at 272, 274.

There is no dispute that Dr. Kim was Claimant's treating physician. The treating physician rule generally requires the ALJ to accord greater weight to the opinion of a treating physician. 20 C.F.R. § 404.1527(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). This is because "these sources are likely to be ... most able to provide a detailed, longitudinal picture of a claimant's medical impairments." 20 C.F.R. § 404.1527*d)(2). If a treating source's

4

opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." *Id.; Mastro,* 270 F.3d at 178.

While the treating physician rule generally requires a court to accord greater weight to the opinion of a treating physician, it does not require that the opinion be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). (per curiam). Rather, per the regulations, a treating physician's opinion as to the nature and severity of the claimed impairment is entitled to controlling weight only if it is well-supported and it is not inconsistent with the other substantial evidence in the record. *Mastro*, 270 F.3d at 178; 20 C.F.R. § 404.1527(d)(2). "By negative implication, if a physician's opinion is not supported by clinical evidence, or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 )4th Cir. 1996). Under such circumstances, the ALJ holds the discretion to give less weight to the opinion of a treating physician in the face of persuasive contrary evidence. *Mastro*, 270 F.3d at 178; *see also Craig*, 76 F.3d at 590 (upholding ALJ's rejection of treating physician's opinion because the record contained persuasive contradictory evidence and treating physician's own notes contradicted his opinion).

Here, the ALJ gave little weight to the opinion of Dr. Kim because the ALJ found Dr. Kim's own treatment records indicated a higher level of functioning than that which he opined. In addition, the ALJ found his opinion to be inconsistent with other objective evidence in the record. The Court finds that substantial evidence supports the ALJ's findings.

First, the ALJ noted that all of Claimant's inpatient psychiatric hospitalizations were drug and alcohol-related. *See* R. at 18, 190, 277, 315, 338, 360, 388.  In addition, Claimant testified that he had no further hospitalizations after April 19, 2006, the date he stopped using alcohol and drugs.  R. at 442, 44-46.  After Claimant discontinued his drug and alcohol use, he was then able to maintain a job for nearly a year.  Specifically, he has worked since May, 2007 at 30 to 40 hours per week.  R. at 20, 23, 435-36.

With respect to the notations in the record that Claimant, was for example, angry or upset at times, those reflections did not go unnoticed by the ALJ.  Indeed, the ALJ concluded that since April 19, 2006, Claimant's condition has remained "relatively" stable.  He noted that after this time, Claimant was described as depressed and occasionally, angry. R. at 22, 218, 221. However, the ALJ ultimately concluded that Claimant's condition was relatively stable based on evidence from Dr. Kim's own treatment records including, but not limited to, notes that Claimant was managing ok, had a GAF of 55, notes indicating "stable and "stable mood", good sense of humor, doing well, and that he reported things are going well.  R. at 22 *citing* R. at 218, 220, 221, 222, 232, 238, 239, 244.  It is not the role of this Court to reweigh the evidence in the record.  *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966).

Moreover, the ALJ noted May 11, 2007 treatment notes which indicated fair to good judgment, fair attention and concentration which was getting better, no paranoia, fair impulse control which was also getting better, and memory within normal limits.  R. at 22, 256. Similarly, Claimant reported on June 1, 2007 that things were going well with him, R. at 259 and that on June 8, 2007, it was reported that the Seroquel was "very effective" and his

6

attention and concentration had improved. *Id.* at 261. His GAF was reported as "good" on June 27, 2007, *id.* at 263, and a July 20, 2007 examination indicated his impulse control was getting "much better." R. at 264. *See also* Def.'s Mot. Summ., ECF No. 23 at 4 (fairly summarizing Claimant's 42 week counseling sessions from September 2006 through June 2007). In sum, although treatment notes indicate occasional feelings of anger, anxiety, etc., the Court finds that the evidence cited by the ALJ clearly support his finding that in the absence of substance abuse, Claimant's condition would not have been disabling under the relevant law.

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: January 11, 2011  _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Paul Schlitz, Jr.
Jenkins, Block & Associates
The Symphony Center
1040 Park Avenue
Suite 206
Baltimore, MD 21201

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692